UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JAMERO MOSES,

       Petitioner,                          Civil Action. No.
                                                 12-CV-13623
v.

                                             HON. MARK A. GOLDSMITH


BONITA HOFFNER,

       Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL, SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION FOR LEAVE TO APPEAL IN FORMA PAUPERIS**

**I.  INTRODUCTION**

Petitioner Jamero Moses, presently confined at the Lakeland Correctional Facility in Coldwater, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his pro se application, Petitioner challenges his conviction and sentence for twelve counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b; one count of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c; one count of unarmed robbery, Mich. Comp. Laws § 750.530; and one count of assault with intent to rob while unarmed, Mich. Comp. Laws § 750.88.  Petitioner filed his petition for writ of habeas corpus on August 8, 2012.[1]  In his habeas application, Petitioner alleges (1) that he was deprived of the

_____

[1]  Under the prison mailbox rule, this Court will assume that Petitioner actually filed his habeas petition on August 8, 2012, the date that it was signed and dated.  See Towns v. United States, 190 F. 3d 468, 469 (6th Cir. 1999).

effective assistance of trial counsel; (2) that he was deprived of the effective assistance of appellate counsel, and (3) prosecutorial misconduct.

In lieu of filing an answer to the petition, on February 22, 2013, Respondent filed a motion for summary judgment (Dkt. 12), arguing that the petition was not timely filed.

On March 18, 2013, Petitioner filed a response to Respondent's motion (Dkt. 13). Petitioner has also filed a motion for the appointment of counsel (Dkt. 10).

For the reasons stated below, the Court will grant Respondent's motion for summary judgment and dismiss the petition as time-barred. The Court will further deny Petitioner's motion for the appointment of counsel. The Court also will decline to issue Petitioner a certificate of appealability and deny Petitioner leave to appeal in forma pauperis.

## II. BACKGROUND

On May 20, 1993, Petitioner pleaded guilty to ten counts of first-degree criminal sexual conduct, one count of second-degree criminal sexual conduct, one count of unarmed robbery, and one count of assault with intent to rob while unarmed in the Wayne County Circuit Court. On June 29, 1993, Petitioner was sentenced to concurrent sentences of twenty to forty years in prison on the first-degree criminal sexual conduct convictions, seven to fifteen years in prison on the second-degree criminal sexual conduct conviction, five to fifteen years in prison on the unarmed robbery conviction, and four to fifteen years in prison on the assault with intent to rob while unarmed conviction. On September 2, 1993, Petitioner filed a claim of appeal with the Michigan Court of Appeals.

While Petitioner's appeal was pending, Petitioner pleaded guilty to two counts of first-degree criminal sexual conduct in a second case. On February 24, 1994, Petitioner was

2

sentenced to thirty to sixty years in prison, to be served concurrently with his 1993 convictions. On March 23, 1994, Petitioner filed a claim of appeal from this second conviction.

On August 1, 1994, the Michigan Court of Appeals dismissed Petitioner's appeal of his 1994 convictions, based upon Petitioner's stipulation to dismiss the appeal. People v. Moses, No. 173915 (Mich. Ct. App. Aug. 1, 1994).

On November 30, 1994, the Michigan Court of Appeals affirmed Petitioner's sentences from his 1993 convictions. People v. Moses, No. 167943 (Mich. Ct. App. Nov. 30, 1994).

Petitioner did not file an application for leave to appeal to the Michigan Supreme Court in either of his cases that had been before the Michigan Court of Appeals. See Affidavit of Corbin R. Davis, Clerk of the Michigan Supreme Court, dated October 3, 2012 (Dkt. 12-1).

On December 3, 2010, Petitioner filed a post-conviction motion for relief from judgment with the trial court, pursuant to Michigan Court Rule 6.500, et. seq. The trial court denied the motion. People v. Moses, Nos. 93-02683, 93-02684, 93-02685, 93-02686, 93-02687, 93-02688, 93-02689, 93-14133 (Wayne County Circuit Court, Apr. 5, 2011). The Michigan appellate courts denied Petitioner leave to appeal the denial of his post-conviction motion. People v. Moses, No. 304077 (Mich. Ct. App. Nov. 16, 2011); lv. den. 492 Mich. 852, 817 N.W.2d 76 (2012).

On August 8, 2012, Petitioner filed his application for habeas relief.

### III. ANALYSIS

#### A. Legal Standards

Respondent argues in her motion for summary judgment that Petitioner's habeas petition should be barred from federal habeas review by the one-year statute of limitations. A motion for summary judgment should be granted if the movant shows "that there is no genuine issue as to

3

any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(c)(2). The summary judgment rule applies to habeas proceedings. See Redmond v. Jackson,

295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104–132, 110

Stat. 1214 ("AEDPA") applies to all habeas petitions filed after the Act's effective date, April

24, 1996, and imposes a one-year limitations period for habeas petitions. 28 U.S.C. §

2244(d)(1). Petitioner's habeas petition was filed after April 24, 1996, and thus, the provisions

of the AEDPA, including the limitations period for filing a habeas petition, apply. See Lindh v.

Murphy, 521 U.S. 320, 337 (1997).

Title 28 of the United States Code, sections 2244(d)(1)(A) through (D), state in pertinent

part:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

A habeas petition filed outside the time period prescribed by this section must be dismissed. See

Isham v. Randle, 226 F. 3d 691, 694-95 (6th Cir. 2000), overruled on other grounds, Abela v.

Martin, 348 F. 3d 164, 172-73 (6th Cir. 2003);  See also Lee v. Brunsman, 474 F. App'x 439, 441 (6th Cir. 2012).

### B. Petitioner's Habeas Petition Is Untimely Under the Statute

In the present case, the Michigan Court of Appeals affirmed Petitioner's 1993 convictions on November 30, 1994.  With respect to the 1994 convictions, the Michigan Court of Appeals dismissed Petitioner's appeal on August 1, 1994.  In neither case did Petitioner file an application for leave to appeal with the Michigan Supreme Court.

If a petitioner appeals to the Michigan Supreme Court, but does not petition the United States Supreme Court for a writ of certiorari, his judgment of conviction is finalized when the time for taking an appeal to the United States Supreme Court expires.  The one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the United States Supreme Court.  See Jimenez v. Quarterman, 555 U.S. 113, 119 (2009); see also Clay v. United States, 537 U.S. 522, 527 (2003) ("the federal judgment becomes final 'when this Court affirms conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing a certiorari petition expires'").  Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." Sup. Ct. R. 13.

However, when, as in this case, a habeas petitioner only appeals his judgment of conviction to the Michigan Court of Appeals and fails to properly file an application for leave to appeal to the Michigan Supreme Court, the additional ninety days for filing an appeal to the United States Supreme Court is not taken into account.  See Gonzalez v. Thaler, 132 S. Ct. 641, 653–54 (2012) (clarifying that when a petitioner does "not appeal to the State's highest court, his

5

judgment [becomes] final when his time for seeking review with the State's highest court expire[s]"). With respect to both of his convictions, Petitioner had fifty-six days to file an appeal in the Michigan Supreme Court, the highest court in the State. MCR 7.302(C). The expiration of the fifty-six days represents the expiration of the time for seeking direct review of Petitioner's judgment of conviction with respect to both cases and, therefore, the one-year statute of limitations begins to run at that time. Gonzalez, 132 S. Ct. at 653–54.

Because Petitioner did not file a timely application for leave to appeal either of his convictions to the Michigan Supreme Court, his 1994 conviction became final, for purposes of § 2244(d)(1)(A), on September 27, 1994, and his 1993 convictions became final on January 26, 1995, when the time for seeking leave to appeal with the Michigan Supreme Court with respect to each conviction expired. However, because Petitioner's conviction became final well before the April 24, 1996 enactment date of the AEDPA, Petitioner had one year from this date to timely file a petition for habeas relief with the federal court. See Porter v. Smith, 126 F. Supp. 2d 1073, 1074-75 (E.D. Mich. 2001). Absent state collateral review, Petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than April 24, 1997 in order for the petition to be timely filed.

Petitioner filed a post-conviction motion for relief from judgment on December 3, 2010, after the one year limitations period had already expired. Although 28 U.S.C. § 2244 (d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute, a state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. See Jurado v. Burt, 337 F. 3d 638, 641 (6th

Cir. 2003); see also Hargrove v. Brigano, 300 F. 3d 717, 718, n.1 (6th Cir. 2002). Therefore, Petitioner's state post-conviction proceedings did not toll the statute of limitations and his current habeas petition is untimely.

In his response to the motion for summary judgment, Petitioner initially argues that Respondent's motion for summary judgment is not a proper response to his petition for writ of habeas corpus, because it does not address the merits of his claims. Petitioner contends that a motion for summary judgment does not qualify as a responsive pleading that is contemplated by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner's assertion is incorrect. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts indicates that "[i]f the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or take other action the judge may order." Under Rule 4, it is clearly permissible for a respondent to file a motion to dismiss or for summary judgment. See Jackson v. Straub, 309 F. Supp. 2d 952, 959 (E.D. Mich. 2004) (reasonable for respondent to file motion for summary judgment on statute of limitations grounds, rather than answer merits of petition, when law in effect at time that respondent filed motion held that the habeas petition was time-barred); Ebert v. Clarke, 320 F. Supp. 2d 902, 911, n.16 (D. Neb. 2004) (a motion for summary judgment is appropriate in habeas proceedings). Respondent's motion for summary judgment was therefore a proper response to the petition for writ of habeas corpus.

### C. Petitioner Not Entitled to Equitable Tolling

Petitioner next argues that he is entitled to equitable tolling of the limitations period because of his inability to obtain the trial court transcripts from trial or appellate counsel or from the state courts.

7

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." See Robertson v. Simpson, 624 F. 3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. Id.

"Standing alone . . . the unavailability of or delay in receiving transcripts is not enough to entitle a habeas petitioner to equitable tolling." Hall v. Warden, Lebanon Correctional Inst., 662 F. 3d 745, 750-51 (6th Cir. 2011). In addition, a habeas petitioner's lack of access to his trial transcripts does not preclude a habeas petitioner from commencing post-conviction proceedings in the state courts and would not equitably toll the limitations period for filing a petition for writ of habeas corpus. See Gassler v. Bruton, 255 F. 3d 492, 495 (8th Cir. 2001). "Possession of a transcript is not a 'condition precedent' to the filing of a state post-conviction motion." Grayson v. Grayson, 185 F. Supp. 2d at 752 (citing to Gassler, 255 F. 3d at 495). Petitioner could have timely filed a post-conviction motion for relief from judgment with the state trial court, after which the trial court could have ordered production of the transcripts. Id.

In addition, equitable tolling is not called for in this case because, even without the trial court transcripts, Petitioner was present at his guilty plea hearings and his sentences in the Wayne County Circuit Court and thus knew what had transpired. See Hall v. Warden, Lebanon Correctional Inst., 662 F. 3d at 751; see also Lloyd v. Van Natta, 296 F. 3d 630, 633-634 (7th

8

Cir. 2002) (unavailability of complete trial transcript did not warrant equitable tolling of the limitations period for filing a habeas petition which alleged prosecutorial misconduct in the closing argument, where the petitioner was at the trial and knew the basis on which he could have asserted prosecutorial misconduct).  Petitioner is therefore not entitled to equitable tolling on this basis.

Finally, the one-year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in Schup v. Delo, 513 U.S. 298 (1995).  See Souter v. Jones, 395 F. 3d 577, 599-600 (6th Cir. 2005).  To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  Id. at 590 (quoting Schlup 513 U.S. at 327).  For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-- that was not presented at trial."  Schlup, 513 U.S. at 324; Souter, 395 F. 3d at 590.  The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency."  Souter, 395 F. 3d at 590 (quoting Bousley v. United States, 523 U.S. 614, 623 (1998)).  Finally, the Sixth Circuit in Souter recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'"  Id. (quoting Schlup, 513 U.S. at 321).

Petitioner's case falls outside of the actual innocence tolling exception enunciated in Souter, because Petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged.  See Ross v. Berghuis, 417 F. 3d 552, 556 (6th Cir. 2005).  Any actual innocence exception to AEDPA's statute of limitations is particularly

9

inapplicable, in light of the fact that Petitioner pleaded guilty to the charges that he challenges in this petition.  See Reeves v. Cason, 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005).  Petitioner has failed to offer "new reliable evidence" that is "so strong that a court cannot have confidence in the outcome" of his guilty plea.  See Connolly v. Howes, 304 F. App'x 412, 419 (6th Cir. 2008). The Court will summarily deny the petition for writ of habeas corpus.

## D.  The motion for the appointment of counsel

There is no constitutional right to counsel in habeas proceedings.  Cobas v. Burgess, 306 F. 3d 441, 444 (6th Cir. 2002).  The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require.  Mira v. Marshall, 806 F. 2d 636, 638 (6th Cir. 1986).  "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel.  Thirkield v. Pitcher, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002).

Because the issues at issue here are not particularly complex, the Court will deny Petitioner's motion for the appointment of counsel.

## E. Petitioner Not Entitled to a Certificate of Appealability

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U .S.C. § 2253(c)(2).  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a).  When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims,

a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. Id.

The Court declines to issue Petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether the Court was correct in determining that Petitioner had filed his habeas petition outside of the one-year limitations period. The Court will also deny Petitioner leave to appeal in forma pauperis, because any appeal would be frivolous.

## IV.  CONCLUSION

The Court concludes that Petitioner failed to file his habeas petition within the applicable statute of limitations period. Accordingly, the Court grants Respondent's motion for summary judgment (Dkt. 12) and denies with prejudice Petitioner's request for habeas relief (Dkt. 1). The Court further denies the motion for the appointment of counsel (Dkt. 10). Finally, the Court declines to issue Petitioner a certificate of appealability and Petitioner is denied leave to appeal in forma pauperis.

SO ORDERED.


Dated:  April 29, 2013                          s/Mark A. Goldsmith
                                                MARK A. GOLDSMITH
                                                United States District Judge

11

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 29, 2013.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager

12