UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMERO MOSES,

    Petitioner,                                 Civil Action. No.
                                                    12-CV-13623

v.

                                                   HON. MARK A. GOLDSMITH

BONITA HOFFNER,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION AND THE MOTION TO SUSPEND JUDGMENT**

On April 29, 2013, the Court summarily denied Petitioner's application for a writ of habeas corpus on the ground that it was time-barred by the statute of limitations contained in 28 U.S.C. § 2244(d). The Court also declined to issue a certificate of appealability or to grant leave to appeal in forma pauperis. See Moses v. Hoffner, No. 12-CV-13263, 2013 WL 1800419 (E.D. Mich. Apr. 29, 2013). Petitioner has now filed a motion for reconsideration and a motion to suspend judgment. For the reasons that follow, the motions will be denied.

E.D. Mich. LR 7.1(h) governs motions for reconsideration. Under that rule, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." Id.

In his motion for reconsideration, Petitioner first argues that Respondent waived any affirmative defenses, including the statute of limitations defense, by failing to provide Rule 5

1

materials at the time that he filed the answer. Petitioner did not previously make this argument in opposing Respondent's motion for summary judgment and cannot now advance this new argument as a basis to reconsider the Court's decision granting summary judgment in favor of Respondent. See Smith ex rel. Smith v. Mt. Pleasant Pub. Schs., 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) ("[A] motion for reconsideration is not properly used as a vehicle to . . . advance positions that could have been argued earlier but were not."). In any event, Petitioner's argument is unpersuasive on the merits because a review of the Court's docket establishes that Respondent filed the Rule 5 materials on the same date that he filed the motion for summary judgment. To the extent that Petitioner contends that the statute of limitations defense was waived by Respondent's failure to provide him with a copy of the Rule 5 materials, Petitioner has cited to no authority in support of his argument and the Court is aware of none.

Petitioner further claims that the retroactive application of 28 U.S.C. § 2244(d) to his case violates the ex post facto clause of the United States Constitution, because his conviction became final prior to the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). However, as the Court noted in the opinion and order on summary judgment, the provisions of the AEDPA, including the statute of limitations, apply to all habeas petitions filed after the Act's effective date, which was April 24, 1996. Because Petitioner's habeas petition was filed after this date, 28 U.S.C. § 2244(d) applied to the present habeas petition. See Lindh v. Murphy, 521 U.S. 320, 336-37 (1997). The application of the AEDPA to a habeas petition filed after the AEDPA's effective date, but which involves a crime and a conviction which predated the AEDPA, does not have an impermissible retroactive effect. See Williams v. Bagley, 380 F. 3d 982, 943 (6th Cir. 2004); see also Hyatt v. United States, 207 F. 3d 831, 832-33 (6th Cir. 2000) (application of the AEDPA's one year limitations period for bringing a motion to vacate

sentence pursuant to 28 U.S.C. § 2255 was prospective, not retroactive, even though the defendant's conviction predated the enactment date of the AEDPA, where the defendant filed his motion to vacate after the effective date of the act).

In his motion to suspend judgment, Petitioner claims that the statute of limitations does not apply because his criminal conviction suffers from a jurisdictional defect. However, the mere fact that there may be a jurisdictional defect in Petitioner's conviction would not mean that the limitations period contained in § 2244(d) is inapplicable to his conviction. See Frazier v. Moore, 252 F. App'x 1, 4 (6th Cir. 2007). Accordingly, the motion to suspend judgment is denied.

Based on the foregoing, the motion for reconsideration (Dkt. 16) and the motion to suspend judgment (Dkt. 17) are denied.

SO ORDERED.

Dated: June 10, 2013  s/Mark A. Goldsmith
Flint, Michigan  MARK A. GOLDSMITH
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 10, 2013.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager