UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMERO MOSES, #231885,

       Petitioner,

                                        Case No. 12-CV-13623

v.

                                        HON. MARK A. GOLDSMITH

BONITA HOFFNER,

       Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S RULE 60(b)
MOTION FOR RELIEF FROM JUDGMENT (Dkt. 26), DECLINING TO ISSUE A
CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION FOR LEAVE
TO APPEAL IN FORMA PAUPERIS**

**I. INTRODUCTION**

This matter is before the Court on Petitioner's Rule 60(b) motion for relief from judgment (Dkt. 26). For the reasons set forth below, the Court denies the motion.

**II. BACKGROUND**

On April 29, 2013, the Court summarily denied Petitioner's application for a writ of habeas corpus on the ground that it was time-barred by the statute of limitations contained in 28 U.S.C. § 2244(d). The Court also declined to issue a certificate of appealability or to grant leave to appeal in forma pauperis. See Moses v. Hoffner, No. 12-CV-13263, 2013 WL 1800419 (E.D. Mich. Apr. 29, 2013) (Dkt. 14). The Court denied Petitioner's motion for reconsideration on June 10, 2013. See Moses v. Hoffner, No. 12-CV-13623, 2013 WL 2480670 (E.D. Mich. June 10, 2013) (Dkt. 18). The Sixth Circuit denied Petitioner a certificate of appealability and dismissed his appeal. See Moses v. Hoffner, No. 13-1394 (Dkt. 27-2), at *4 (6th Cir. Jan. 21, 2014) (unpublished).

1

Petitioner has now filed a Rule 60(b) motion for relief from judgment, in which Petitioner argues that the one-year statute of limitations should be equitably tolled based on the ineffective assistance of post-conviction counsel. See Pet'r Mot. at 2-3 (cm/ecf pages).

## II.  STANDARD OF DECISION

A Rule 60(b) motion for relief from judgment that seeks to advance one or more substantive claims following the denial of a habeas petition should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). See Gonzalez v. Crosby, 545 U.S. 524, 529-531 (2005) (examples of such "second or successive" habeas petitions include motions seeking leave to present a claim that was omitted from the habeas petition due to mistake or "excusable neglect," seeking to present "newly discovered evidence" not presented in the petition, or seeking relief from judgment due to an alleged "change in the substantive law" since the prior habeas petition was denied). A Rule 60(b) motion can be considered as raising "a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." Id. at 532 (emphasis omitted). A habeas court's determination on the merits refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." Id. at 532 n. 4.

On the other hand, when a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition. Id. at 532. A Rule 60(b) motion is not considered to be raising a claim on the merits when the motion "merely asserts that

a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. at 532 n. 4.

### III. ANALYSIS

The Court first addresses and rejects Petitioner's substantive claim that he is entitled to equitable tolling, and then addresses whether to issue a certificate of appealability, as well as whether to permit Petitioner leave to appeal in forma pauperis.

**1. Equitable Tolling of Statute of Limitations**

Petitioner's motion, which argues that the one-year statute of limitations should be equitably tolled based on the ineffective assistance of post-conviction counsel, constitutes a "true" 60(b) claim that attacks the integrity of the habeas proceedings and would not be considered a successive habeas petition. See Gonzalez, 545 U.S. at 533 (holding that petitioner's Rule 60(b) motion was allowed to proceed where he alleged that the federal court misapplied the statute of limitations under § 2244(d)); see also Kuenzel v. Allen, 880 F. Supp. 2d 1205, 1212-1213 (N.D. Ala. 2011) (petitioner's claim that district court erred in ruling that petitioner had failed to offer sufficient evidence of actual innocence to toll limitations period was a procedural "mistake" that could be addressed in 60(b) motion). However, an unmeritorious motion for relief from judgment that attacks the integrity of a previous habeas proceeding should simply be denied, as would any other motion for relief from judgment that lacks merit. See Harris v. United States, 367 F. 3d 74, 82 (2d Cir. 2004).

Petitioner claims that he is entitled to equitable tolling of the limitations period based upon the ineffectiveness of post-conviction counsel in failing to timely file either his state post-conviction motion for relief from judgment or his federal habeas petition. Pet'r Mot. at 2-3

(cm/ecf pages). In support of his argument, Petitioner points to the Supreme Court case of Martinez v. Ryan, 132 S. Ct. 1309 (2012).

Petitioner is not entitled to relief from judgment for several reasons. First, Petitioner did not raise this tolling argument in his habeas petition or in his response to Respondent's motion for summary judgment. A tolling argument cannot be raised for the first time in a motion for reconsideration. Landrau-Romero v. Banco Popular De Puerto Rico, 212 F.3d 607, 612 (1st Cir. 2000); see also Dolphin v. Garraghty, 27 F. App'x 496, 499 (6th Cir. 2001) (declining to consider habeas petitioner's argument that AEDPA's limitations period should be equitably tolled, where the district court had been unaware of the petitioner's equitable tolling argument).

Second, the Supreme Court's holding in Martinez applies only to the issue of whether cause exists "to excuse the procedural default of an ineffective assistance of trial counsel claim that occurred in a state collateral proceeding," and does not apply to the "operation or tolling of the § 2244(d) statute of limitations for filing a § 2254 habeas petition." See Lambrix v. Sec'y, Florida Dept. of Corr., 756 F.3d 1246, 1249 (11th Cir. 2014) (quotation marks omitted). Therefore, the Court finds that Petitioner is not entitled to relief from judgment.

Accordingly, the Court denies Petitioner's motion for relief from judgment.

## 2. Certificate of Appealability and Leave to Appeal In Forma Pauperis

The Court also denies Petitioner a certificate of appealability. Title 28 U.S.C. § 2253(c)(1)(A) and Federal Rule of Appellate Procedure 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability is issued either by a circuit court or district court . If an appeal is taken by an applicant for a writ of habeas corpus, the district court must either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. See Fed. R.

App. P. 22(b). To obtain a certificate of appealability, a prisoner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A habeas petitioner is required to obtain a certificate of appealability before he can appeal the denial of a 60(b) motion for relief from judgment that seeks to challenge the judgment in a habeas case. See United States v. Hardin, 481 F.3d 924, 926 (6th Cir. 2007).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a plain procedural bar is present, and the district court correctly invokes it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such circumstances, no appeal would be warranted. Id.

In habeas cases involving a district court's denial of a 60(b) motion for relief from judgment on procedural grounds without reaching the merits of any constitutional claims, a petitioner should be granted a certificate of appealability only if he makes both a substantial showing that he had a valid claim of the denial of a constitutional right, and a substantial showing that the procedural ruling by the district court is wrong. See Hardin, 481 F.3d at 926, n. 1 (6th Cir. 2007); see also Corroll v. Burt, No. 07-12679, 2014 WL 2993745, at *3 (E.D. Mich. July 3, 2014) (same).

Petitioner is not entitled to a certificate of appealability from the denial of his motion for relief from judgment, because he has failed to make a substantial showing of the denial of a

5

constitutional right or that the Court's procedural ruling was incorrect. The Court will also deny Petitioner leave to appeal in forma pauperis, because the appeal would be frivolous. See, e.g., Dell v. Straub, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

### IV. CONCLUSION

For the reasons stated above, the Court denies Petitioner's Rule 60(b) motion for relief from judgment (Dkt. 26). The Court further declines to issue Petitioner a certificate of appealability or grant leave to appeal in forma pauperis.

SO ORDERED.

Dated: October 30, 2014
    Detroit, Michigan

s\Mark A. Goldsmith
MARK A. GOLDSMITH
UNITED STATES DISTRICT JUDGE

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 30, 2014.

s/Johnetta M. Curry-Williams
CASE MANAGER